# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH LOVETT**, | : | CIVIL ACTION NO. 1:09-CV-0288 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **RONNIE HOLT**, | : | |
| Respondent | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Joseph Lovett ("Lovett"), a federal inmate formerly incarcerated at the Federal Prison Camp at Canaan, Waymart, Pennsylvania, seeking to "challenge the execution of his sentence and the Bureau of Prisons [sic] failure to grant him jail time in the amount of twenty-four [24] months and nine [9] days."[1]  (Doc. 1.)  The petition is presently ripe for disposition and, for the reasons discussed below, the petition will be dismissed.

## I.  **Background**

Lovett represented in his petition, which was filed on February 13, 2009, that he exhausted all of his administrative remedies.  (Doc. 1, at ¶ 2.)  An inmate may challenge any aspect of his or her confinement using the Bureau of Prisons ("BOP") administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542.10 *et seq.* (Doc. 11-3, Declaration of L. Cunningham ("Cunningham Dec.") at 2, ¶ 2.)  To

---

[1] On March 27, 2009, he notified the court that he was transferred to the Federal Prison Camp at Atlanta in Atlanta, Georgia.  (Doc. 12.)

exhaust administrative remedies, an inmate first must informally present his complaint to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined *via* a BP-9. (Doc. 11-3, Cunningham Dec., at 2, ¶ 2, citing 28 C.F.R. § 542) If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office by submitting a BP-10. (Doc. 11-3, Cunningham Dec., at 2, ¶ 2). "The final step in the administrative remedy process is an appeal to the General Counsel (BP-11). See 28 C.F.R. Part 542, subpart B. A decision by the Bureau of Prisons is not final, and hence, not reviewable until relief has been denied by the General Counsel's Office. 28 C.F.R. § 542.15." Id.

According to the declaration of the BOP supervising attorney who conducted a search of the BOP's SENTRY system[2], Lovett filed a request for administrative relief regarding his sentence computation on October 27, 2008, which was denied on November 13, 2008. (Doc. 11-3, Cunningham Dec. at 2-3, ¶ 3.) He pursued an appeal to the regional level on November 25, 2008. On February 18, 2009, his request was rejected for failing to properly sign the appeal. He resubmitted the appeal on March 2, 2009. (Id.) At the time the supervising attorney authored the

---

[2] The BOP SENTRY system includes a history of filing requests for administrative remedies.

declaration, the regional response, which was due on April 1, 2009, had not yet been filed and, thus, according to the supervising attorney, Lovett had not completed the exhaustion process. (Id.) Nothing further has been filed by either party.[3]

## III. Discussion

28 U.S.C. § 2241 provides district courts with authority to order the release of prisoners from unconstitutional conditions of confinement. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 758-60 (3d Cir. 1996). Generally, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See id. at 760; see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241.") (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981)). Exhaustion is required for three reasons: (1) it facilitates judicial review by allowing the appropriate agency to develop a factual record and to apply its expertise; (2) it conserves judicial resources; and (3) it fosters administrative autonomy by providing agencies the opportunity to correct their errors. Garcia v. Gonzalez, Civ. No. 3:07-CV-0047, 2007 WL 438747, at *1 (M.D. Pa.

---

[3] There is no evidence in the record indicating whether the regional response was received by Lovett, and, if so, whether he pursued his remedies to the General Counsel.

Feb. 6, 2007) (citing Moscato, 98 F.3d at 761-62). Exhaustion of administrative remedies, however, is not required where exhaustion would not promote these goals.[4]

At the time Lovett filed his petition in this court, his appeal was still pending with the Regional Director. Once the Regional Director responded, if he was dissatisfied, he was then obligated to pursue an appeal to the General Counsel. See 28 C.F.R. Part 542, subpart B. As noted above, "[a] decision by the Bureau of Prisons is not final, and hence, not reviewable until relief has been denied by the General Counsel's Office. 28 C.F.R. § 542.15." (Doc. 11-3, Cunningham Dec., at 2, ¶ 2). It is clear from the record that Lovett failed to exhaust his administrative remedies prior to pursuing relief in federal court. In so doing, he deprived the BOP of the opportunity to develop the factual record and apply its expertise in correcting error, if any. Consequently, the petition will be dismissed without prejudice to Lovett's right to refile the petition upon completion of the administrative remedy process.

An appropriate order follows.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: July 9, 2009

---

[4]Exhaustion is not required where a prisoner demonstrates futility, Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998), where delay would subject the prisoner to irreparable injury, Carling v. Peters, Civ. No. 00-CV-2958, 2000 WL 1022959 at *2 (E.D. Pa. July 10, 2000), or where the issue presented by the prisoner involves only statutory construction, Bradshaw v. Carlson, 682 F.2d 1050, 1052-53 (3d Cir. 1981).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH LOVETT**, | : | CIVIL ACTION NO. 1:09-CV-0288 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **RONNIE HOLT**, | : | |
| | : | |
| Respondent | : | |

## ORDER

AND NOW, this 9th day of July, 2009, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED.

2. The Clerk of Court is directed to CLOSE this case.


                                           S/ Christopher C. Conner
                                           CHRISTOPHER C. CONNER
                                           United States District Judge